958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cathy BURNS, Plaintiff-Appellant,
v.
Rick REED, Defendant-Appellee.
 No. 88-3397.
 United States Court of Appeals, Seventh Circuit.
 March 25, 1992.
Rehearing Denied April 6, 1992.
 
 Before BAUER, Chief Judge, and CUMMINGS and RIPPLE, Circuit Judges.
 
 
 1
 ON REMAND FROM THE UNITED STATES SUPREME COURT
 
 ORDER
 
 2
 In Burns v. Reed, 111 S.Ct. 1934 (1991), the Supreme Court affirmed in part and reversed in part our decision that a state prosecuting attorney is absolutely immune from liability for damages under 42 U.S.C. § 1983 (1988) for giving legal advice to police and for participating in a probable cause hearing. See Burns v. Reed, 894 F.2d 949 (7th Cir.1991). Specifically, the Court held that a state prosecuting attorney is absolutely immune from liability for damages under § 1983 for participating in a probable cause hearing, but not for giving legal advice to the police. Burns, 111 S.Ct. at 1942-45. Instead, the prosecutor has qualified immunity for giving legal advice to police officers. Id. at 1944.
 
 
 3
 In his Circuit Rule 54 Statement of Position, defendant-appellee Rick Reed urges us to determine whether, under the facts of this case, he is entitled to qualified immunity for the advice he gave to Muncie, Indiana police officers. Plaintiff-appellant Cathy Burns, however, argues that, because the only issue on appeal was the propriety of the district court's order granting absolute immunity to Reed, this court should remand this case to the district court for a re-trial in a manner consistent with the Supreme Court opinion. We agree. With its decision, the Supreme Court has altered the landscape regarding official immunity. We decline to review the issue of Reed's qualified immunity when the parties have not had a proper opportunity to present their case to the district court. Though Reed correctly points out that the district court already has heard all the relevant facts, he overlooks the fact that the district court has not had an opportunity to rule on Reed's alternative claim of qualified immunity for the advice he gave to the police officers.
 
 
 4
 Therefore, we vacate our decision in Burns as far as it conflicts with the Supreme Court's opinion, and remand the case to the United States District Court for the Southern District of Indiana, Indianapolis Division, for re-trial.